We'll hear the final case to be argued, or at least half of it, Escalera v. Samaritan Thank you. Good morning, Your Honors. Eric Sandler for the appellant William Escalera, Jr. The district court dismissed Mr. Escalera's civil rights action after determining that he was barred from proceeding in form of papyrus under the Prison Litigation Reform Act's three-strikes rule, that's section 1915G. We asked the court to reverse the dismissal because four of the five actions counted as strikes should not have counted as strikes against Mr. Escalera. We asked the court to reverse the dismissal In general, there's two questions presented in this appeal concerning the text and meaning of section 1915G. First, I'd like to address the question of what was dismissed. Was it that the statute refers to an action being dismissed? And then after addressing that, I plan to address the grounds on which the action is dismissed. In the context of both issues, however, I want to emphasize that courts generally agree that this inquiry into whether a prior dismissal counts as a strike begins with the plain language of section 1915G. And courts generally have concluded that this language is plain and unambiguous and must be applied as written. So with respect to the question of what was dismissed, this presents the question concerning so-called mixed or partial dismissals. First, well, I believe there's three compelling reasons to conclude, as other circuit courts have concluded, that a matter must be dismissed in its entirety for one of the enumerated grounds under 1915G. It's written in terms of action as opposed to claims, right? That's correct. And that was the first compelling reason, is it's faithful to the plain language of the statute. You're doing God's work. Go ahead. But equally important is that that rule is easy to administer. Once you get into the exercise of determining, well, were certain claims dismissed for enumerated grounds as opposed to others, courts, including many circuit courts, have concluded that that exercise engenders even more litigation than perhaps the three-strikes rule was intended to avoid. And then lastly, another compelling reason is that interpreting this language too broadly to include claims as opposed to actions, it would be taking the meat-axe approach referred to by the Fourth Circuit in McLean, whereby in an effort to filter out bad claims, you end up cutting out or depriving inmates with meritorious claims access to the courts. And I'll very quickly refer to the courts that have ruled the way that we asked this Court to rule, which is that the entire action must be dismissed in its entirety. But most recently, as we brought to the Court's attention, Justice Harris stated that, you know, we evaluate the case as a whole, and dismissal even one claim for an enumerated reason saves the entire case from counting as a strike. And that reasoning and holding is shared by the Third Circuit in Byrd, the Fourth Circuit in Tolbert, the Fifth Circuit in Brown, and the Seventh Circuit in Turley, and the D.C. Circuit in Thompson. I note also, as we state in the brief, that the district courts in this circuit, not having the benefit of a controlling ruling from this Court, have looked to the decisions of other courts of appeals and have concluded that the majority of Circuit's law that the entire action must be dismissed for an enumerated ground is more consistent with this Court's jurisprudence. So if that is the case, then several of the actions that were counted as strikes against Mr. Escalera did involve a mixed dismissal. So now I'd like to turn to the issues concerning the grounds for dismissal and why the interpretation of what is a strike here was impermissibly too broad under the statute. First, the first case I'd like to address is the Charwant case. There, certain claims were dismissed for a failure to serve defendants. Other claims that advanced past that stage were not dismissed until the summary judgment stage. That case was counted as a strike against Mr. Escalera. Now, neither one of those grounds, failure to serve a defendant nor summary judgment, are enumerated in 1915g. And it's been stated by the Ninth Circuit in Harris v. Harris specifically that a failure to serve a defendant should not count as a strike. That was held just last month by the Ninth Circuit. And the Fourth Circuit has addressed specifically grants of summary judgment, pointing out that that, too, is not one of the grounds listed in section 1915g. Now, with respect to the summary judgment question, we do acknowledge that there is some support in the case law for the premise that if a case is dismissed at summary judgment, it could be dismissed at summary judgment, it could be on enumerated ground expressly, if it's frivolous or there's a determination that there's a failure to state a claim. But that is not the case with the Charwant case. It was, you know, the court ruling on summary judgment there had to review Mr. Escalera's deposition transcript. The mere fact that the State in that case didn't move to dismiss, had to take Mr. Escalera's deposition, is a strong signal that this is not one of those cases where the grant of summary judgment is based on an enumerated ground. And certainly it's not expressly stated in the orders of the court there. The he he this is his at least his sixth lawsuit that he brought. And all of them have been dismissed one way or another, some, as you say, you know, on partial. But does it not undermine the purpose of the statute? I mean, he's now being able to repeatedly bring these cases that wind up being dismissed. Are you asking us to read the statute too, too narrowly? No, not at all, Your Honor. You know, the statute, if applied by the letter, would weed out certain litigants who are bringing repeatedly claims that lack merit. The, you know, Congress was very specific. One of the enumerated grounds is failure to state a claim. Right. Doesn't doesn't that seem to pick up potentially a lot more cases? It's no, Your Honor. It doesn't unless the dismissal is specifically for failure to state a claim. So the grant of summary judgment, for example, you know, should not be. But you can grant summary judgment because the claim fails to state a claim. And we acknowledge that in the brief, Your Honor. But the record on the Charwan case doesn't support applying that to Mr. Escalera's case. So if you're Is there a difference in the language and the meaning of the phrase, failure to state a claim, between 12b-6 and the statute? We submit no. In fact, the cases that we rely on for this point, the Milhouse case from the Third Circuit, the McLean case from the Fourth Circuit, you know, point out that Congress did track the language in 12b-6. And that is why we argue that those rulings, as opposed to some other circuit courts, are correct in saying that a dismissal for failure to state a claim that is without prejudice should not count because the understood meaning of the term failure to state a claim, if it's unqualified, suggests it's a determination on the merits with prejudice. So in the orders here where the dismissals were without prejudice, that brings it outside of the scope of the enumerated grounds. And you could have situations, I think, this goes to Judge Chinn's point, is that if someone is filing frivolous Federal claims over and over again, but there's part of the court's order that says we're dismissing the state claims without prejudice because we don't have jurisdiction over those, that under this analysis, then those don't get counted as strikes, right? And I think we – whether that is fair in all cases, whether that does, in fact, weed out all repetitive or repeat litigants at the Federal court C, it may be true that certain claims will not be filtered out. However, that's faithful – that reading is faithful to the language of the statute. And it avoids taking too broad of an approach, which would foreclose litigants from accessing the courts. And, you know, certain examples that have come up where, yes, there could be a decent policy argument for why that should count as a strike, just as a dismissal for failure to state a claim should count as a strike, have been turned away generally by the courts. So, for example, then-Judge Kavanaugh's decision in Forstar v. Garden City, which the Ninth Circuit recently cited in Harris, dealt with a declination to exercise supplemental jurisdiction over State law claims when the Federal claims are, in fact, dismissed for an enumerated ground. And the conclusion was that the statute doesn't cover that. That doesn't count as a strike. Congress didn't cover that. Likewise, just very briefly, a dismissal for subject matter jurisdiction has been held not to count as a strike for the same reason. Yes, there might be a good argument, well, shouldn't you, the litigant, have known there was no subject matter jurisdiction, but that's not one of the grounds enumerated by Congress, so courts have avoided counting those as strikes. I see my time is up, so unless the Court has questions on the other issues, I'll defer to the brief and ask that the judgment of dismissal be reversed and that the case be remanded for further proceedings and instructions that Mr. Escalera's application to proceed in form of papyrus be granted. Robertson, Thank you. We will reserve decision. And thank you for your help. The last case is on submission. The motions are on submission. Accordingly, I'll ask the clerk to adjourn. The court stands adjourned. We are adjourned.    We are adjourned.